IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| Anatoly Olevsky, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Life Insurance Company of North America, )<br>)<br>Defendant. ) | Case No.  4:17-cv-1509 |

## COMPLAINT

NOW COMES the Plaintiff, Anatoly Olevsky, by his attorney, David Hicks, and complaining against the Defendant, Plaintiff alleges the following:

### Jurisdiction and Venue

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f).  These provision give the district courts jurisdiction to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and insured by Life Insurance Company of North America.  In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which give the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials.  Those avenues of appeal have been exhausted.

3. Venue is proper in the Eastern District of Missouri.  29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

## Nature of Action

4. This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by Life Insurance Company of North America, to provide Long Term Disability Insurance Benefits under a benefit plan, to employees of Quest Diagnostics Inc. under plan/policy number FLK0980031. This action seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

## The Parties

5. Anatoly Olevsky ("Olevsky") is and was a resident of St Louis County, Missouri at all times relevant hereto.

6. Life Insurance Company of North America ("Life") is an insurance company which has, at all times relevant hereto, done business within this district. The Plan is an employee benefit plan which has operated and exists within this district at all times relevant hereto.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to his employment, Olevsky received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

## Statement of Facts

8. Olevsky was employed in a full-time capacity by Quest Diagnostics as a courier until December 13, 2013, when he had to cease working due to his medical condition.

9. Subsequent to ceasing his employment, Olevsky applied for benefits under the Plan stating that due to his medical conditions, he met the Plan definition of "Disabled," which provides for payment of benefits if:

> "The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.

After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experiences; and
2. unable to earn 60% or more of his or her Indexed Earnings."

10. Olevsky was approved for disability benefits until June 11, 2015, when he was notified by Life that his benefits were terminated.

11. Olevsky appealed the termination of disability benefits and then on May 12, 2016, Life reversed their prior termination and approved Olevsky for disability benefits.

12. On May 13, 2016, Life notified Olevsky that they were again terminating Olevsky for benefits beyond June 28, 2016, under the "any occupation" standard of disability.

13. Olevsky appealed the termination and on January 6, 2017, Life upheld its termination of disability benefits.

14. The determination by Life is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision was also contrary to the reports of all treating and examining physicians and their assessments.

15. As a direct and proximate result thereof, based on the evidence submitted to Life establishing that Olevsky has met the Plan definitions of "disabled" continuously since the onset of his disability, and that he continues to meet that definition, Olevsky is entitled to payment of monthly disability insurance payment retroactive to June 28, 2016, plus interest on all overdue payments at the statutory rate of 9% in accordance with Missouri Revised Statues, Sec. 408.020.1.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant and that the Court order Defendants to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that

have accrued prior to the date of judgment at the rate of 9% per annum;

C. That the Court order Defendants to continue paying Plaintiff benefits until such time as he meets the policy conditions for discontinuance of benefits;

D. That the Court award Plaintiff attorney's fee pursuant to 29 U.S.C. §1132(g); and

E. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

Date: 05/15/2017

Respectfully submitted,

_____
David Hicks
Attorney for Plaintiff

David Hicks
David M. Hicks, P.C.
7720 Stonebridge Golf Drive
Maryville, IL 62062
618-343-0901
618-301-3360 (fax)
davidmhickspc@hushmail.com